UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MAUREEN MILLER, *pro se*,                         :
                                                  :     **MEMORANDUM & ORDER**
      Plaintiff,   :     15-CV-4262 (DLI)(LB)
                                                  :
  -against-                             :
                                                  :
UNITED STATES OF AMERICA,                         :
                                                  :
      Defendant.   :
                                                  :
-------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On July 20, 2015, plaintiff Maureen Miller ("Plaintiff") filed the instant *pro se* action against the United States of America (the "United States"). (*See* Dkt. Entry No. 1.) Thereafter, on July 24, 2015, Plaintiff filed an application seeking to have this Court and the assigned magistrate judge recused from this case. (*See* Dkt. Entry No. 4.) On July 28, 2015, Plaintiff filed a motion to amend her home address on the docket sheet for this case. (*See* Dkt. Entry No. 5.) Finally, between October 7, 2015 and October 13, 2015, Plaintiff filed three motions for emergency relief, seeking funds from the United States Treasury and/or hotel accommodations. (*See* Dkt. Entry Nos. 7 and 8.) Plaintiff's request to proceed *in forma pauperis* is granted solely for purposes of this Order. For the reasons set forth below, Plaintiff's application for recusal is denied, Plaintiff's motions to amend the docket sheet and for emergency relief are denied as moot, and the Complaint is dismissed with prejudice.

## BACKGROUND

**I.  The Complaint**

Plaintiff's claims are set forth in a submission consisting of an introductory statement and an attached complaint originally filed in the U.S. District Court for the Eastern District of

Pennsylvania. That court denied Plaintiff's application to proceed *in forma pauperis* and closed her case. Plaintiff seeks to re-file that complaint in this district, requesting that this Court consider the claims asserted therein as well as her additional allegations in the introductory statement. The Court construes the different components of Plaintiff's submission as together constituting an incorporated pleading (the "Complaint"). For convenience, references to that pleading are made using the page numbers assigned by the Electronic Case Filing System.

Plaintiff purports to file the Complaint pursuant to "11 U.S.C. Suits Against States [ ] Tort Actions Against State Officials," (*see* Compl. at 1, Dkt. Entry No. 1), but does not identify the nature of her claims or provide any specific factual allegations in support of them. Instead, the Complaint references a litany of prior court cases, including previous cases Plaintiff filed in the United States District Court for the Southern District of New York, an eviction proceeding against her in state court, a criminal case in Queens, and a Family Court case brought by "an 'unstable' family member" that resulted in a "fraudulent Temporary Order of Protection." (*Id.* at 11-12.) None of the details of those cases are described.

The Complaint includes numerous veiled references to an unspecified incident that "transpired approximately (27) years ago." (*Id.* at 6.) The Complaint also references a bench warrant for "Aggravated Assault on a Police Officer, dated 1990," (*Id.* at 13), and alleges that the State of New Jersey "tried to 'cover-up' what happened in 1989." (*Id.* at 9.) Plaintiff claims that "she has faced the 'unthinkable', such as false imprisonment, fraudulent institutionalization, by 'state' officials, who has abused power and authority, who has her listed in the United States Computer Database as being a 'criminal' and 'crazy'!" (*Id.* at 10.) Plaintiff further claims that

these records and unspecified actions by state officials have resulted in "'Economic Sanctions' against Plaintiff's Name, Social Security Number, and Credit Report." (*Id.* at 8.)

As an overarching theme, the Complaint appears to allege that the States of New Jersey and New York engaged in some conspiracy to terrorize Plaintiff: "Whereas, [P]laintiff, is a 'well-educated' woman, with a 'Finance' degree, and an 'Applied Science Degree'; multi-lingual, and could 'not' get a decent paying job 'after' graduating college with the aforementioned advanced degrees, as a result of government malfeasance at the 'state' level, as a 'direct' result of a 'grave' injustice, and massive 'cover-up' by the state of New Jersey officials, who 'notified' their brother state 'within' the union, New York to follow suit." (*Id.*) After "[Plaintiff] 'exposed' the state of New Jersey, and the state of New York public officials," she allegedly was "kept under surveillance" and became a "marked target." (*Id.* at 10.) As a result, Plaintiff allegedly was unable to "get a house, a car, and was 'declined' commercial loans from the banks, to start her 'own' business, and as a result, faced eviction, and was coerced into living with family and friends for 'many' years, kept stagnated, without health insurance." (*Id.* at 13.)

Plaintiff states that what happened to her was "the 'worst' disaster in the History of The United States, aside from slavery," and that "The United States stands 'accused' of 'terrorizing' its 'own' citizen." (*Id.* at 13-14.) Accordingly, Plaintiff seeks relief in the form of, *inter alia*, (1) "Land Acquisition – "to 'forfeit' and/or surrender all of the 'slave' states," (2) "Monetary Relief: Relief and Restitution in the sum of $2.5 billion, and (3) "Government Reform . . . as outlined in the (37) page Proposal, written by Plaintiff, which is in the possession of the United States Congress." (*Id.* at 16-17.)

**II.     The Recusal Motion**

Shortly after filing the Complaint, on July 24, 2015, Plaintiff filed an application "ask[ing] for the 'recusal'" of this Court and the magistrate judge assigned to this action. (Dkt. Entry No. 4, at 1.) The basis for Plaintiff's recusal request apparently is that both this Court and the magistrate judge are officials of the same Government that has engaged in "malfeasance" and "terrorism" directed at her. (*See Id.*) On or around September 22, 2015, Plaintiff reiterated her recusal request in a letter addressed to Chief Judge Carol Bagley Amon of this Court. Chief Judge Amon informed Plaintiff by letter that, as Chief Judge, she has no authority to issue recusal orders or any other rulings in cases not assigned to her. (*See* Dkt. Entry No. 6.)

**III.    The Motion to Amend the Docket Sheet**

On July 28, 2015, Plaintiff filed an "Amended Motion to Correct Docket Sheet," in which Plaintiff indicated her desire to use a home address of "98 Georgetown Blvd." in connection with this case. (*See* Dkt Entry No. 5.) Plaintiff did not indicate whether that address was her residence.

**IV.     Emergency Motions**

On October 7, 2015, Plaintiff filed a motion, styled as an "emergency motion enbanc," requesting "emergency funding and accommodations." (*See* Dkt. Entry No. 7.) The motion papers allude vaguely to "government malfeasance" and constitutional violations, though it is unclear whether the wrongs alleged are the same as those underpinning the Complaint. (*Id.* at 1.) That same day, Plaintiff supplemented her motion papers through another "emergency motion enbanc," again seeking funds and hotel accommodations. (*See* Dkt. Entry No. 8.) Plaintiff's supplemental papers indicate that, because of wrongs both past and continuing, the United States

4

Treasury should be ordered to distribute funds to Plaintiff so that she may pursue a new job or launch a business venture. (*See Id.* at 2.) Plaintiff also seeks hotel accommodations paid for by the United States, as she evidently is homeless, but states that she will not accept government subsidies or avail herself of the New York City shelter system. (*See Id.* at 2, 7.) Plaintiff requests that these benefits be provided to her until she is issued a new Social Security card, as she has not been able to obtain one despite prolonged efforts to do so. (*See Id.* at 2.) Finally, Plaintiff filed a third motion for emergency relief on October 13, 2015, reiterating her demand for hotel accommodations, and specifically requesting a reservation at a Marriott Hotel in Brooklyn, New York. (*See* Dkt. Entry No. 9.)

## DISCUSSION

### I. Plaintiff's Recusal Motion Is Denied

Although Plaintiff does not cite to any legal authority in the application for recusal she filed, the Court construes that application as a motion for recusal under 28 U.S.C. § 455(a). That provision states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." As the Second Circuit has explained, in evaluating a motion for recusal, a court must ask itself: "Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or, phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (citation omitted).

Here, this Court answers that question in the negative. Plaintiff does not provide any legitimate reason why this Court's impartiality should be questioned. Indeed, Plaintiff's request for recusal rests solely on the fact that this Court and the magistrate judge assigned to this case are affiliated with the Government that purportedly terrorized her. Given that allegation, Plaintiff also does not explain how reassignment to a different district judge and magistrate judge affiliated with the same Government would remedy the bias she alleges. Accordingly, Plaintiff's motion for recusal is denied.

## II. The Complaint Is Dismissed

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

However, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d

Cir. 1998) (internal quotations marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In order to invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Turning to the instant action, the allegations in the Complaint represent precisely the sort of hyperbole that "rise[s] to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Despite alleging that her life was destroyed by "state officials" engaged in a malicious conspiracy tied to some unspecified incident that occurred in 1989, Plaintiff does not provide a single concrete detail to indicate the nature of her federal claims. Plaintiff evidently has endured and continues to endure trying circumstances. Nevertheless, to the extent Plaintiff contends that those circumstances arose because she was a "marked target" of the states of New

7

York and New Jersey, Plaintiff's allegations are frivolous and fall far short of stating a cognizable claim.

Plaintiff also fails to provide a basis for this Court's jurisdiction. Despite references to "11 U.S.C. Suits Against States," the Complaint is void of factual allegations that would support a cause of action arising in bankruptcy, under Title 11 of the United States Code. The Complaint mentions "Tort Actions Against State Officials," but tort claims typically fall under state, not federal law, while the Federal Tort Claims Act is limited to specific types of claims against federal government employees, not state officials. *See* 28 U.S.C. § 1346(b)(1). In fact, the only allegation in the Complaint against the United States, aside from a passing reference to a "United States Computer Database," is that it "stands 'accused' of 'terrorizing' its 'own' citizen." (*See* Compl. at 13-14.)

Furthermore, despite references to alleged constitutional deprivations, the Complaint fails to state a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). As with actions brought against state officials pursuant to 42 U.S.C. § 1983, a plaintiff's *Bivens* claims must be brought against federal officials personally responsible for an alleged deprivation of constitutional rights, rather than against the federal government. Plaintiff has neither identified a federal government defendant nor described any specific incident that would constitute a deprivation of her constitutional rights.

For all the reasons stated, the Complaint is dismissed. While ordinarily the Court would permit Plaintiff an opportunity to amend the Complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not afford that opportunity where, as here, "the substance of the claim pleaded is frivolous on its face." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also*

*Cuoco*, 222 F.3d at 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, leave to replead is denied.

**III.     Plaintiff's Motions to Amend the Docket And For Emergency Relief Are Moot**

At Plaintiff's request, the docket sheet in this matter was revised to list her address as 98 Georgetown Blvd. in Barnegat, New Jersey. As it is unclear whether Plaintiff resides at that address, or if she even has a stable home address, this Court will send all correspondence in this matter both to the above New Jersey address as well as the New York address Plaintiff originally provided when she commenced this action. Accordingly, Plaintiff's motion to amend the docket sheet is moot, and it therefore is terminated.

Finally, in light of the dismissal of the Complaint, Plaintiff's three applications for emergency relief are denied as moot. In any event, even if considered on the merits, those motions would be denied because they seek relief that is not cognizable. This Court has no authority to order the United States Treasury to distribute emergency funds to Plaintiff so that she may start a business or book a hotel room.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* is granted solely for purposes of this Order. Plaintiff's motion for recusal is denied, and Plaintiff's motions to amend the docket sheet and for emergency relief are denied as moot. The Complaint is dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 20, 2015

/s/
DORA L. IRIZARRY
United States District Judge