UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
MAUREEN MILLER, *pro se*,

                    Plaintiff,

     -against-

UNITED STATES OF AMERICA,

                    Defendant.
----------------------------------------------------------------------x

**SUMMARY ORDER**
15-CV-4262 (DLI)(LB)

**DORA L. IRIZARRY, Chief United States District Judge:**

On October 20, 2015, the Court denied Plaintiff's application for recusal and dismissed the Complaint with prejudice (the "Decision").[1] (*See* 10/20/15 Mem. & Or., Dkt. Entry No. 11.) In the Decision, the Court allowed Plaintiff to proceed *in forma pauperis* solely for purposes of the Decision and denied, as moot, Plaintiff's motion to amend the docket sheet and for emergency relief.  On October 23, 2015, *pro se*[2] Plaintiff moved for reconsideration of the Decision.  (*See* Mot. For Recons. ("Plaintiff's Mot."), Dkt. Entry No. 13.)  For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

## DISCUSSION

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F. 3d 255, 257 (2d Cir.

---

[1] This Order is written for the parties and familiarity with the underlying facts and circumstances of this action is assumed.  For a full discussion of this action, see the Decision.  The Court incorporates all party-name abbreviations and designations from the Decision in this Order.

[2] In reviewing Plaintiff's motion, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

1995). Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)). "[A] motion for reconsideration is not an opportunity for litigants to reargue their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion."

*Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

Applying these standards here, and assuming familiarity with the relevant background and facts, Plaintiff's motion is denied. Even liberally construing Plaintiff's submission, to raise the strongest arguments it suggests given her *pro se* status, Plaintiff does not present any change in controlling law or the availability of new evidence. Similarly, Plaintiff does not contend that the Court overlooked any controlling decision or data. *See Cobalt Multifamily Inv'rs I, LLC v. Shapiro*, 2009 WL 4408207, at *2 (S.D.N.Y. Dec. 1, 2009) ("Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit[.]") (internal citation omitted). To the contrary, the only two decisions Plaintiff cites in her motion are from the Texas Court of Appeals and the Texas Supreme Court. (*See* Plaintiff's Mot. at 1-2, 5.) Because these cases were decided under Texas law, they are not binding on this Court; therefore, there is no controlling opinion before the Court that warrants reconsideration. *See Premium Sports Inc. v. Connell*, 2012 WL 2878085, at *2 (S.D.N.Y. July 11, 2012) ("Plaintiff does not cite caselaw from this Circuit that states otherwise and thus, there are no controlling decisions before this Court that counsel in favor of reconsideration.").

Moreover, Plaintiff has not demonstrated a need to prevent a manifest injustice or correct a clear error. Instead, Plaintiff attempts to raise issues already decided in the Decision by supplementing her previously rejected arguments with details from the Decision. For instance, Plaintiff asserts that this Court "'erred'" because it "'failed to comply with the rules of [sic] governing Motions for Recusal 28 U.S.C. §455(a) whereby [the Court] 'ruled' with 'prejudice' . . . thereby 'favoring' one party (defendant) over the next, (plaintiff)." (Plaintiff's Mot. at 1.) Merely adding the words "with prejudice" from the Decision to Plaintiff's original recusal argument does not demonstrate clear error or a manifest injustice. Instead, the addition is an attempt to relitigate the recusal issue squarely addressed in the Decision. *See Miller v. United States*, 2015 WL 6160252, at *3 (E.D.N.Y. Oct. 20, 2015). Since a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple,'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (internal citation omitted), the motion is denied.[3]

Plaintiff's remaining arguments relate to "errors" and abuses of "discretion" that Plaintiff believes the Court committed in reaching the Decision. Yet, these arguments are improper on a motion for reconsideration because they inappropriately challenge the merits of this Court's decision. Plaintiff cannot use her motion for reconsideration as a substitute for appeal; thus, her remaining arguments are inapposite. *Massop v. U.S. Postal Serv.*, 493 F. App'x 231, 232 (2d Cir. 2012) (Summary Order) ("[T]o the extent Massop was using the motion for reconsideration

---

[3] For pro se Plaintiff's edification, the Court notes that dismissing an action "with prejudice" has "the effect of a final adjudication on the merits favorable to defendant." *Ferrato v. Castro*, 888 F. Supp. 33, 34 (S.D.N.Y. 1995). It is not an admission of prejudice or bias against a party that warrants a judge's recusal. *See Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 757 F. Supp. 2d 253, 256 (W.D.N.Y. 2010) (noting that "plaintiff merely complains that the Court has resolved … [the] underlying motion … in [defendants'] favor").

to challenge the merits of the district court's judgment, she was improperly using the motion as a substitute for appeal."); *Sutton v. Strack*, 2008 WL 2971464, at *3 (S.D.N.Y. July 31, 2008).

Even if any of these arguments were proper, they do not demonstrate a "clear error" or "manifest injustice." At most, Plaintiff's arguments indicate that the Court and Plaintiff disagree about the outcome of the case. This disagreement alone, however, does not establish that the Court committed a clear error or must alter its decision in order to prevent a manifest injustice. *See Eatoni Ergonomics, Inc. v. Research in Motion Corp.*, 2011 WL 3792814, at *1 (S.D.N.Y. Aug. 25, 2011) ("And to the extent that Eatoni views the June Memorandum & Order as a 'manifest injustice,' such an argument is hyperbolic."); *Duane v. Spaulding & Rogers Mfg. Inc.*, 1994 WL 494651, at *2 (N.D.N.Y. Aug. 10, 1994). While, understandably, Plaintiff is disappointed with this Court's prior decision and genuinely may believe that the Court reached that decision in error, Plaintiff may not seek reconsideration of issues fully considered by the Court, or present new issues or arguments through a motion for reconsideration. *See McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp.2d 392, 395 (E.D.N.Y. 2011) (noting party seeking reconsideration may not advance "new facts, issues or arguments not previously presented to the Court").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Summary Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      September 1, 2016

                                                   /s/
                                      DORA L. IRIZARRY
                                          Chief Judge