UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MAUREEN MILLER, *pro se*, :
:
                Plaintiff, : **SUMMARY ORDER**
: 15-cv-04262 (DLI)(LB)
                -against- :
:
UNITED STATES OF AMERICA, :
:
                Defendant. :
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On October 20, 2015, the Court denied *pro se* Plaintiff's application for recusal and dismissed the Complaint with prejudice. *See*, Dkt. Entry No. 11. The Court allowed Plaintiff to proceed *in forma pauperis* solely for purposes of the Court's decision and denied, as moot, Plaintiff's motion to amend the docket sheet and for emergency relief. *Id.* On October 23, 2015, Plaintiff moved for reconsideration of the Court's decision. *See*, Dkt. Entry No. 13. On September 1, 2016, the Court denied Plaintiff's motion. *See*, Dkt. Entry No. 17.

By letter dated July 20, 2019 and filed August 28, 2019, Plaintiff, proceeding *pro se*, indicated that she wished to reopen the action. *See*, Dkt. Entry No. 18. By letter dated December 28, 2020 and filed January 4, 2021, Plaintiff filed an "Emergency Motion En Banc." *See*, Emergency Motion En Banc ("Mot."), Dkt. Entry No. 19. The Court construes Plaintiff's two most recent filings as a motion for reconsideration. For the reasons set forth below, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff seeks emergency relief and a hearing from an *en banc* court of all district court judges in the continental United States. Mot. at 1. Plaintiff alleges that the undersigned "Abused

Power & Authority and Obstructed Justice by Falsely claiming Plaintiff's case is 'Baseless,' 'Frivolous' and meritless" and by dismissing Plaintiff's case with prejudice. *Id.* at 2-3. Plaintiff repeats the factual allegations in her Complaint that the Government "conspired" against her, "coerced" her into homelessness, and "coerced" her into living with family members. *Id.* at 2-3. She claims that her ongoing employment and housing troubles are due to the Government labeling her "Criminal and Crazy in the United States Database." *Id.* at 2. Plaintiff also alleges that on October 18, 2016, she was a victim of a false arrest by two United States Marshals, and was held improperly in a New Jersey jail for two weeks. *Id.* at 4. Plaintiff seeks $5.3 trillion dollars in damages, "surrender of all slave states," and emergency hotel accommodations. *Id.* at 6-7. Plaintiff's July 20, 2019 letter asks the Court to "re-open [this case] and make amends," generally seeking the same relief listed in the Complaint and as listed in her Motion. Dkt. Entry No. 18.

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted). Accordingly, the Court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Plaintiff's motion, styled as an emergency motion, seeks an *en banc* hearing before all district court judges in the continental United States. No such relief exists. However, under Federal Rule of Appellate Procedure 35(b), a party may petition for a hearing *en banc* to the United States Court of Appeals for the Second Circuit to review an unfavorable decision made by a panel of the Circuit's judges. Plaintiff did not appeal this Court's decision denying Plaintiff's motion for reconsideration to the Second Circuit. Accordingly, *en banc* review under Rule 35(b) is not a

procedural option available to Plaintiff, as a panel of the Circuit's judges has not issued a decision in this case. Given Plaintiff's *pro se* status, the Court interprets Plaintiff's motion as one for reconsideration of this Court's September 1, 2016 decision.

A motion for reconsideration must be served "within fourteen (14) days after the entry of the Court's determination of the original motion." Local Civ. R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995). Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

As an initial matter, Plaintiff's motion is untimely. The Court denied Plaintiff's motion for reconsideration on September 1, 2016. Plaintiff filed the instant motion on August 28, 2019, nearly three years after the Court's decision. "As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases). Notably, Plaintiff's *pro se* status does not exempt her from complying with filing deadlines.

Even if the Court were to consider Plaintiff's untimely motion, it fails on the merits.

3

Plaintiff largely reiterates previously made arguments or introduces new claims that were not included in her original Complaint. Plaintiff has not identified any intervening change in applicable law, submitted new evidence, or demonstrated a need to correct a clear error or to prevent manifest injustice. Plaintiff's passing reference to the statute of limitations is irrelevant since that was not a basis of dismissal in the first instance. *See*, Dkt. Entry No. 18. Accordingly, Plaintiff's motion for reconsideration is denied as untimely and meritless.

## **CONCLUSION**

Plaintiff's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *See*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 30, 2021

/s/
DORA L. IRIZARRY
United States District Judge